IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JAMES E. CURETON, JR.,            *

    Plaintiff,                    *

vs.                               *
                                  CASE NO. 4:12-cv-329 (CDL)
STATE FARM FIRE & CASUALTY        *
COMPANY,
                                *

    Defendant.
                                *

O R D E R

    Plaintiff contends that property was stolen from his home. More than six months after the alleged theft, he made a claim under his homeowner's insurance policy with Defendant. When Defendant denied his claim, Plaintiff brought this action. Because Plaintiff waited more than six months to notify Defendant of his claim, Defendant was justified in denying Plaintiff's claim for failure to comply with the notice provisions of his policy. Accordingly, as explained in the remainder of this Order, Defendant's Motion for Summary Judgment (ECF No. 13) is granted.

SUMMARY JUDGMENT STANDARD

    Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Plaintiff James E. Cureton, Jr., the record reveals the following.  Cureton resided with his wife, Jennifer Cureton, at 813 Moore Road ("the Property") in Columbus, Georgia.  Defendant State Farm issued Policy No. 81-KE-5110-1 to Cureton to provide insurance coverage for real and personal property located at the Property.

On October 19, 2010, Cureton was arrested and charged with arson after Jennifer implicated him in a fire at his mother's home.  Cureton spent October 19-28, 2010 in jail.  While Cureton was in jail, Jennifer sold some items located at the Property.  Samantha Williams, a cousin of Cureton's, was enlisted by Jennifer to help with the sales.  Cureton received word from a friend ("Rex") that "everything was gone" from the Property and so Cureton prepared a list, while he was still in jail, of items

2

that should be at the Property.  Def.'s Mot. for Summ. J. Ex. A, Cureton Dep. 76:15-21, 77:10-23, ECF No. 13-1.  On October 29, 2010, Cureton met with Detective Patrick Knight of the Columbus Police Department at the Property and gave him the list of missing items.  Detective Knight concluded that the matter was a "domestic" one and did not treat it as a crime.  On November 8, 2010, Cureton filed an Answer, Counterclaim, and Cross Claim to a Complaint for Divorce which had previously been filed by Jennifer.  In those pleadings, Cureton accused Jennifer and other named individuals of stealing the missing items.

On May 3, 2011, Cureton notified State Farm for the first time about the missing property.  Cureton Dep. 172:8-23.  On July 29, 2011, Cureton submitted a Proof of Loss to State Farm.  He claimed his damages from the alleged theft loss were $1,071,141.04.  Cureton later withdrew that Proof of Loss when under oath on November 1, 2011.  Cureton attempted to reinstate the Proof of Loss on February 10, 2012, in a letter sent by his attorney to State Farm.  Resp. to Mot. for Summ. J. Ex. 4, Demand for Payment, ECF No. 16-4.  Cureton and his attorney met with Sergeant Jeffrey Bridges on March 14, 2012 to supplement Cureton's initial police report.  They gave Sergeant Bridges a page from a transcript of a November 10, 2010 motions hearing in the Superior Court of Muscogee County, in which Jennifer testified that "Samantha was stealing like crazy."  Def.'s Mot.

3

for Summ. J. Ex. E, Bridges Aff. ¶ 7, ECF No. 13-7.  Sergeant Bridges prepared a Supplemental Police Report on March 15, 2012, changing the offense title on the initial report to "Theft by Taking."

State Farm denied Cureton's claim on May 4, 2012, because its investigation established that (1) no theft loss occurred, (2) Cureton intentionally concealed and misrepresented facts, and (3) Cureton failed to provide immediate notice of the loss. Def.'s Mot. for Summ. J. Ex D, Nix Aff. ¶ 9, ECF No. 13-6.  On October 23, 2012, Cureton filed the present action against State Farm.  On September 6, 2013, Cureton submitted a new Proof of Loss which estimated the amount of loss at $199,725.[1]

DISCUSSION

The State Farm Policy requires an insured to give immediate notice of a claim.  The Policy specifically provides in a section titled "Conditions" that "[a]fter a loss to which this insurance may apply, [the insured] shall . . . give immediate notice to us or our agent."  Nix Aff. Ex. 1, Ins. Policy 13, ECF No. 13-4 at 33.  "No action shall be brought unless there has been compliance with the policy provisions."  *Id.* at 14, ECF No.

---

[1] Cureton filed a Motion for Leave to File Reply Brief and/or Reopen Discovery (ECF No. 19).  Because the Court grants summary judgment solely based on tardy notice, the subject matter of the motion for leave and to reopen discovery has no relevance to today's decision. This allegedly "new" evidence does not change the fact that Cureton waited more than six months without a reasonable excuse to notify State Farm of his claim.  Accordingly, Cureton's motion for leave and to reopen discovery is denied.

13-4 at 33. State Farm contends that by waiting more than six months after the loss to provide notice, Cureton failed to comply with the notice condition of the Policy. Georgia courts have found notice to be a condition precedent to coverage when language nearly identical to that in the Policy in question is used. *See, e.g., Eells v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. A13A1085, 2013 WL 6085288 at *2 (Ga. Ct. App. Nov. 20, 2013) (finding notice provision to be express condition precedent to coverage where policy required insured to provide written notice of covered event "as soon as reasonably possible" and stated "[t]here is no right of action against [the insurer] . . . until all the terms of this policy have been met."). "It is well established that a notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification." *Lankford v. State Farm Mut. Auto. Ins. Co.*, 307 Ga. App. 12, 14, 703 S.E.2d 436, 438-39 (2010) (internal quotation marks omitted). "Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, [] then the insurer is not obligated to provide either a defense or coverage." *Id.* at 14, 703 S.E.2d at 439 (internal quotation marks omitted).

Although "immediate notice" is not specifically defined in the Policy, Georgia courts interpret such language to mean that notice shall be given "with reasonable diligence and within a

5

reasonable length of time in view of attending circumstances of each particular case." *Bituminous Cas. Corp. v. J.B. Forrest & Sons, Inc.*, 132 Ga. App. 714, 719, 209 S.E.2d 6, 9 (1974). While the Court cannot state precisely when Cureton must have notified State Farm in order to comply with the "immediate notice" condition of the Policy, the Court can state without hesitation that six months was too long to wait. The alleged theft loss occurred between October 19 and 28, 2010. Cureton first provided State Farm with notice of the loss on May 3, 2011, more than six months after he became aware of the loss. Cureton claims that it took this long for him to determine that the property had been stolen because a court order prevented him from having contact with Jennifer, and thus made it difficult for him to learn what happened. Pl.'s Resp. to Def.'s Mot. for Summ. J. 2, ECF No. 16. But this excuse is inconsistent with Cureton's own conduct. Within days of discovering the alleged loss, Cureton notified police of the alleged theft and filed court documents accusing Jennifer and other named individuals of stealing the items. Cureton's actions simply cannot be reconciled with his current claim that he did not have sufficient information to believe that the items may have been stolen. Georgia courts have held that where no valid excuse exists, a four-month delay in giving written notice is unreasonable as a matter of law. *See Bituminous Cas. Corp.*, 132

6

Ga. App. at 717, 209 S.E.2d at 9 (finding four-month delay unreasonable as a matter of law).  The present factual record does not disclose any reasonable excuse for waiting over six months to notify State Farm of the alleged theft loss.  The Court finds Cureton's six-month delay in providing State Farm with notice of the alleged theft to be unreasonable as a matter of law.  Because Cureton failed to comply with the notice conditions of his Policy, no coverage exists under the Policy for his alleged theft loss, and State Farm is accordingly entitled to summary judgment.

## CONCLUSION

For the reasons explained in this Order, State Farm's Motion for Summary Judgment (ECF No. 13) is granted.

IT IS SO ORDERED, this 14th day of January, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
